## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

G. MIKE JOLLEY, *et al.*,              )
                                        )
                    Plaintiffs,        )
                                        )
v.                                      )          Case No. CIV-15-624-D
                                        )
JAY B. LEDFORD, *et al.*,              )
                                        )
                    Defendants.        )

## O R D E R

Upon examination of the Notice of Removal, the Court finds insufficient factual allegations to support the assertion of federal subject matter jurisdiction under 28 U.S.C. § 1332.[1]  Plaintiff Glen M. Jolley Family Trust is identified as an Oklahoma trust, but the pleadings contain no facts that would establish the citizenship of the trust.  The Tenth Circuit has announced the following rule: "When a trustee is a party to litigation, it is the trustee's citizenship that controls for purposes of diversity jurisdiction, as long as the trustee satisfies the real-party-in-interest test set out in *Navarro* [*Savings Ass'n v. Lee*, 446 U.S. 458 (1980)].  When the trust itself is party to the litigation, the citizenship of the trust is derived from all the trust's 'members.' . . . [A]t a minimum, a trust's membership includes the trust's beneficiaries."  *See Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1181 (10th Cir. 2015) (footnote omitted).  Neither the state-court petition nor the Notice of Removal provides any information regarding the trust's members or beneficiaries.

Defendant King-Fischer, Ltd. is identified as a Texas limited partnership.  The citizenship of a limited partnership is determined by the citizenship of all partners, including limited partners.

---

[1]  The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time.  *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

*See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). The pleadings provide no information concerning the citizenship of the partners of King-Fischer, Ltd. Even if Defendants' Disclosure Statement Identifying Constituents of Partnership [Doc. No. 4] were considered, it identifies only the general partners of the partnership. Further, Defendant Riverwalk, Ltd. is identified as a Delaware corporation. Pursuant to 28 U.S.C. § 1332(c)(1), it is a citizen of both its state of incorporation and its principal of business, which is not stated.

Therefore, the Court finds that the Notice of Removal fails to allege the citizenship of all parties and fails to demonstrate complete diversity of citizenship.

IT IS THEREFORE ORDERED that Defendants shall file an amended notice of removal to sufficiently allege the existence of diversity jurisdiction not later than June 24, 2015.[2]

IT IS SO ORDERED this _10th_ day of June, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Defendants need not re-file the exhibits attached to the Notice of Removal but may incorporate them by reference pursuant to Fed. R. Civ. P. 10(c).